IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

QUANTAVIUS DURHAM,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

CRIMINAL NO. 4:15cr80-1
CIVIL NO. 4:17cv49

## MEMORANDUM ORDER

This matter comes before the Court upon Quantavius Durham's ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion"). ECF No. 149. For the reasons set forth herein, Petitioner's § 2255 Motion is denied as to all claims except Ground Four.

### I. PROCEDURAL HISTORY

On November 17, 2015, a federal grand jury sitting in Newport News, Virginia, named Petitioner and three others in a four-count criminal indictment. ECF No. 4. Petitioner was charged with all four counts, including Conspiracy to Commit Murder in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(5) (Count 1); Possession of a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2); Attempted Murder in Aid of Racketeering Activity, in violation of 18 U.S.C. §§ 1959(a)(5) and 2 (Count 3); and Discharge of a Firearm during a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count 4). Id.

On March 14, 2016, Petitioner appeared before the Court and pled guilty to Counts 3 and 4 of the criminal indictment pursuant to a written plea agreement with the United States

1

("Government"). ECF No. 82. On July 18, 2016, the Court sentenced Petitioner to a total term of imprisonment of 210 months, which includes 90 months on Count 3 and 120 months on Count 4, to be served consecutively. ECF No. 130 at 2. Judgment was entered on July 19, 2016. ECF No. 130. Petitioner did not appeal.

On May 11, 2017, Petitioner timely filed the instant § 2255 Motion and a supporting memorandum ("Pet. Mem."), ECF Nos. 149 and 150, which were docketed by the Clerk of this Court on May 19, 2017. See 18 U.S.C. § 2255(f)(1); Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing prison mailbox rule). Petitioner's motion is now before the Court.

## II. § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

### A. STANDARD OF REVIEW

Section 2255 allows a federal prisoner to move to "vacate, set aside or correct" a federal sentence upon the following grounds: [1] that "the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such a sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack." 28 U.S.C. § 2255. The Supreme Court has held that § 2255 is the appropriate vehicle by which a federal prisoner may challenge both his conviction and sentence. Davis v. United States, 417 U.S. 333, 343–44 (1974).

When filing a § 2255 petition, the petitioner bears the burden of proving his grounds for relief by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)). However, a pro se petitioner is entitled to have his petition and issues asserted therein construed liberally. Gordon, 574 F.2d at 1151. Upon reviewing a § 2255 motion, the district court may, in its discretion, deny the motion without a hearing. Raines v. United States, 423 F.2d 526, 529–31 (4th Cir. 1970). But it may only do so if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). For

2

instance, if the motion can be resolved exclusively on issues of law, and no questions of fact exist, then summary dismissal is appropriate without an evidentiary hearing. See Green v. United States, 65 F.3d 546, 548–49 (6th Cir. 1995).

### 1. Procedural Default

A § 2255 motion "may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). Issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). And, generally, any claim that could have been raised at trial or on direct appeal, but was not, is barred as procedurally defaulted. Bousley v. United States, 523 U.S. 614, 622 (1998). However, the doctrine of procedural default excludes claims of ineffective assistance of counsel, Massaro v. United States, 538 U.S. 500, 504 (2003), as such claims are generally not cognizable on direct appeal unless the record on appeal conclusively shows ineffective assistance, United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (internal citation omitted).

When a claim is procedurally defaulted, a § 2255 movant is completely barred from seeking relief on that claim unless he can show that: (1) there would be a "fundamental miscarriage of justice" if relief is denied, such as being actually innocent of the crime, Murray v. Carrier, 477 U.S. 478, 495–96 (1986), or (2) that there is "cause" sufficient to excuse the default and "actual prejudice" resulting from the error, Frady, 456 U.S. at 169 (citations omitted).

The cause and prejudice standard is a "significantly higher hurdle than would exist on direct appeal." Frady, 456 U.S. at 166. "Cause" for a procedural default must turn on something external to the claim or defense itself, Murray, 477 U.S. at 488, which, courts have consistently held, includes ineffective assistance of counsel. United States v. Breckenridge, 93 F.3d 132, 134 n.1 (4th Cir. 1996) (collecting cases); see also Smith v. Dixon, 14 F.3d 956, 973 (4th Cir. 1994) (noting in the context of a § 2254 motion that "an attorney's ineffectiveness may constitute cause

3

for excusing a procedural default" if the petitioner can show that he had a constitutional right to effective assistance of counsel and that such assistance was constitutionally ineffective). To show "actual prejudice," a habeas petitioner must demonstrate that the claimed error worked to "his actual and substantial disadvantage." Satcher v. Pruitt, 126 F.3d 561, 572 (4th Cir. 1997) (internal citation omitted); see also Fry v. Pliler, 551 U.S. 112, 116 (2007) (defining "actual prejudice" as a "substantial and injurious effect or influence in determining the jury's verdict") (citation omitted).

### 2. Reviewing Claims of Ineffective Assistance of Counsel

The Sixth Amendment guarantees criminal defendants the right to effective assistance of counsel both during trial and on first appeal as of right. Evitts v. Lucey, 469 U.S. 387, 396 (1985). To succeed on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984), by showing (1) deficient performance of counsel and (2) resulting prejudice.

To satisfy the first prong, the petitioner must show that counsel's performance fell below an objective standard of reasonableness. Id. at 690. To do so, the petitioner must articulate specific acts or omissions whereby counsel's performance fell "outside the wide range of professionally competent assistance." Id. When reviewing the propriety of these alleged acts or omissions, courts must give substantial deference to defense counsel's strategic judgments. Id. at 689–90. Indeed, "[o]nce counsel conducts a reasonable investigation of law and facts in a particular case, his strategic decisions are 'virtually unchallengeable.'" Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009) (quoting Strickland, 466 U.S. at 690 (petitioner must overcome the presumption that the challenged action might be considered sound trial strategy)).

To satisfy the second prong under Strickland, the petitioner must show that he was prejudiced by counsel's deficient performance. In other words, petitioner must show that it is

4

"reasonably likely" that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Harrington v. Richter, 562 U.S. 86, 111–12 (2011) (citing Strickland, 466 U.S. at 696). "The likelihood of a different result must be substantial, not just conceivable." Id. (citing Strickland, 466 U.S. at 693). The burden is on the petitioner to affirmatively prove prejudice. Strickland, 466 U.S. at 693. Furthermore, if a petitioner fails to satisfy either prong of the Strickland test, a reviewing court need not consider the other element. United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004).

### B. PETITIONER'S § 2255 MOTION

In his § 2255 Motion and supporting memorandum, Petitioner asserts four grounds on which this Court should vacate his conviction and sentence under 28 U.S.C. § 2255. ECF Nos. 149, 150. These purported grounds fall under two broad claims. First, he claims that he was appointed counsel without his consent in violation of his Sixth Amendment rights. ECF No. 149 at 6; ECF No. 150 at 1–3. Second, he claims that his attorney rendered ineffective assistance of counsel in various ways in violation of his Sixth Amendment rights. The Court will address each in turn.

#### 1. Petitioner Has Failed to Show that He Was Denied His Sixth Amendment Right to Counsel of His Choice.

Petitioner's first claim relates to the appointment of his defense counsel, Lawrence H. Woodward, Jr., on August 14, 2015. Petitioner claims that Mr. Woodward was appointed without his "consent or knowledge" before Petitioner was charged with any crime in violation of Petitioner's right to have counsel of his choice under the Sixth Amendment. Mot., ECF No. 149 at 6; Mem., ECF No. 150 at 1. Petitioner further alleges that Mr. Woodward "appointed himself" as part of a "conspiracy" with the Government to thwart Petitioner's right to counsel and to "deliberately . . . sabotage" his case. Mem., ECF No. 150 at 1.

However, this sensational account of Mr. Woodward's appointment is plainly refuted by the record in this case. On July 30, 2015, Petitioner received a letter from the Special Assistant United States Attorney in Newport News, Virginia, advising him that he was a target of a federal criminal investigation relating to the completion of a violent act in the aid of racketeering and the discharge of a firearm during a crime of violence. ECF No. 1. Such letter offered to discuss a "pre-indictment resolution" of the case with Petitioner that would involve pleading guilty and cooperating with law enforcement. Id. The letter further advised Petitioner to either retain counsel or have counsel appointed if he were interested in such a resolution. Id.

On August 13, 2015, at 2:01 p.m., a hearing was conducted by United States Magistrate Judge Douglas E. Miller of this Court on "the matter of the early appointment of counsel for [Petitioner]." See 8/13/2015 Hr'g Minutes, ECF No. 1-1, at 1. Petitioner was present at this hearing, during which the Court advised him of the pending investigation and his right to counsel. Id. Petitioner then indicated his desire to have counsel appointed and filed his supporting financial affidavit in open court. Id. at 2. The next day, August 14, 2015, Magistrate Judge Douglas E. Miller appointed Mr. Woodward as counsel for Petitioner pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. See CJA Appointment Form, ECF No. 3. Petitioner was indicted three months later. ECF No. 4.

Once indicted, Petitioner appeared before the Court another four times: for his initial appearance on December 14, 2015 (ECF No. 20); for his detention hearing on December 17, 2015 (ECF No. 28); for his Rule 11 proceeding on March 14, 2016 (ECF No. 80); and then for sentencing on July 18, 2016 (ECF No. 129). At no point during any of Petitioner's court appearances did he raise any issues with Mr. Woodward's representation or request the appointment of new counsel. Nor did Petitioner submit any letters or motions to the Court

indicating same. In fact, during his Rule 11 proceeding before Magistrate Judge Lawrence R. Leonard, Petitioner testified under oath that he was satisfied with the services of his counsel. See ECF No. 80. Therefore, Petitioner's claim that Mr. Woodward appointed "himself" without Petitioner's consent or that Petitioner was somehow denied the right to counsel of his choice is without any basis in fact. Accordingly, Petitioner's § 2255 Motion with respect to same is denied.

### 2. Petitioner Has Failed to Demonstrate Ineffective Assistance of Counsel.

Petitioner also claims that he received ineffective assistance of counsel in violation of his Sixth Amendment rights. Specifically, he claims that defense counsel was ineffective in three ways: (i) by waiving Petitioner's right to a speedy trial ("Ground Two"), ECF No. 150 at 3; (ii) by failing to challenge Counts 3 and 4 of the indictment for being defective ("Ground Three"), id. at 5; and (iv) by failing to file a Notice of Appeal despite Petitioner's request that he so file ("Ground Four"), id. at 5–6. The Court shall address each allegation in turn.

a. Waiver of Speedy Trial

Petitioner first argues that his counsel was ineffective because he consented to a trial date outside of the seventy-day limit set forth in 18 U.S.C. § 3161(c)(1). However, Petitioner has not alleged any facts to suggest that this decision impacted his decision to plead guilty or otherwise prejudiced the outcome of his proceedings. In fact, counsel waived speedy trial due to the complexity of Petitioner's case, which likely benefited Petitioner because it afforded more time to review discovery and negotiate a favorable plea deal. In any event, lacking any allegations of prejudice, Petitioner's first claim does not satisfy the standard for ineffective assistance of counsel under Strickland.[1] Therefore, this claim is without merit.

---

[1] Petitioner cites to United States v. Brown, 819 F.3d 800 (6th Cir. 2014), for the proposition that a showing of prejudice is not required to prevail on a claim for violations of the Speedy Trial Act.

7

b. Failure to Challenge Indictment

Petitioner next claims that his counsel was ineffective for failing to move to dismiss Counts 3 and 4 of his indictment. Petitioner contends that such counts were defective because neither contains the essential element of having "an effect on interstate commerce." ECF No. 150 at 5.

Count 3 of the indictment charged Petitioner with Attempted Murder in Aid of Racketeering, in violation of 18 U.S.C. §§ 1959(a)(5) and 2. ECF No. 4 at 7. Petitioner is correct that having an effect on interstate commerce is an essential element of this offense. See United States v. Umana, 750 F.3d 320, 337 (4th Cir. 2014) ("[Section] 1959 includes a jurisdictional element that limits its reach to activities connected with enterprises 'engaged in' or whose activities 'affect' interstate commerce[.]") However, Petitioner is incorrect that Count 3 fails to allege this element. In fact, Count 3 expressly incorporates by reference paragraph 3 of Count 1 of the Indictment, which states: "36[th] Street Bang Squad, including its members and associates, constituted an 'Enterprise' as defined by [18 U.S.C. § 1959(b)(2)] . . ., that is, a group of individuals associated in fact that *was engaged in, and the activities of which affected, interstate and foreign commerce. . .*" ECF No. 4 at 2, 7 (emphasis added). Count 3's incorporation of this element by reference is equivalent to restating it therein.[2] See United States v. Smith, 44 F.3d 1259, 1265 (4th Cir. 1995) (citing Fed. R. Crim. P. 7(c)(1) ("A count [in an

---

However, Brown is inapposite to the case at bar because Petitioner is not proceeding on direct appeal but rather alleging ineffective assistance of counsel for purposes of § 2255 relief.

[2] Petitioner's reliance on United States v. Spinner, 180 F.3d 514 (3d Cir. 1999), is misplaced. In Spinner, the Third Circuit disfavored the incorporation of an element of an offense by "implication." However, in United States v. Stevenson, the Third Circuit expressly limited its holding in Spinner to cases where "intra-indictment incorporation" of an element is "insufficiently specific," and it distinguished cases in which an element is incorporated across counts by "necessary implication." United States v. Stevenson, 832 F.3d 412, 425 (3d Cir. 2016), cert. denied, 137 S. Ct. 674 (2017). Here, the element of interstate commerce is not even implied, it is expressly incorporated. Therefore, these cases do not apply.

indictment or information] may incorporate by reference an allegation made in another count.")). Therefore, Petitioner's argument that Count 3 fails to plead such element is without merit.

Petitioner's argument with respect to Count 4 fails for the same reason. Count 4 charged Petitioner with Discharge of a Firearm during a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A). To be convicted of this offense, the predicate "crime of violence" must be a crime "for which the person may be prosecuted in a court of the United States." 18 U.S.C. § 924(c)(1)(A). Therefore, built into the elements of the offense is the jurisdictional prerequisite that the predicate crime of violence must affect interstate commerce. Here, Count 4 expressly identifies the predicate crime of violence as the "Attempted Murder in Aid of Racketeering, in violation of [18 U.S.C. § 1959(a)(5)], as set forth in Court [sic] Three of this Indictment, which is re-alleged and incorporated herein[.]." ECF No. 4 at 8. Because Count 3 alleges the necessary jurisdictional element, as discussed above, Count 4 is not defective on jurisdictional grounds as Petitioner alleges. Therefore, Petitioner has failed to show any error with respect to Counts 3 and 4 of his indictment, and his ineffectiveness claim with respect to same is without merit.

c. Failure to File a Notice of Appeal

Lastly, Petitioner claims that his counsel was ineffective for failing to file a notice of appeal. See "Ground Four," ECF No. 149 at 8. According to Petitioner, he asked Mr. Woodward to file a notice of appeal at the conclusion of his sentencing hearing on July 18, 2016, but Mr. Woodward failed to do so despite assuring Petitioner that he would. Mem., ECF No. 150 at 5; see also Petitioner's Affidavit, ECF No. 150-2 ¶ 4.

Criminal defendants may appeal as a matter of right pursuant to 18 U.S.C. § 3742. Given this right, the Supreme Court has held that an attorney who disregards a defendant's unequivocal instruction to file a timely notice of appeal acts in a professionally unreasonable manner for purposes of an ineffective assistance of counsel claim. Roe v. Flores-Ortega, 528 U.S. 470, 477

(2000). "Prejudice is presumed because it results in the 'forfeiture' of the appellate proceeding." United States v. Poindexter, 492 F.3d 263, 268 (4th Cir. 2007) (quoting Flores-Ortega, 528 U.S. at 483). In applying the holding of Flores-Ortega, the Fourth Circuit has clarified that the rule applies equally to criminal defendants who waived their right to appeal as a condition of their plea agreement. Poindexter, 492 F.3d at 272 (noting that the benefit of the Government's bargain is the ability to raise the appeal-waiver issue on appeal, not the defendant's forfeiture of the appeal right itself).

Here, Petitioner has raised a material issue of fact regarding whether he unequivocally instructed his attorney to file a notice of appeal. This factual question must be resolved before the Court can adjudicate Ground Four of Petitioner's § 2255 Motion. Poindexter, 492 F.3d at 272. Therefore, the Government is ordered to respond to Ground Four as set forth below.

### III. CONCLUSION

For the reasons stated above, Petitioner's § 2255 Motion is **DENIED** as to all claims except Ground Four. ECF No. 149. The Government is hereby **ORDERED** to file a response to Petitioner's § 2255 Motion limited to the issue of whether Petitioner directed his defense counsel to file an appeal. Such response shall be filed within **SIXTY (60) DAYS** of the date hereof.

Petitioner is **ADVISED** that he may not appeal this Memorandum Order until the Court has resolved Ground Four of Petitioner's § 2255 Motion.

The Clerk is **DIRECTED** to forward a copy of this Order to Petitioner, to the United States Attorney's Office, and to Petitioner's former defense counsel, Lawrence H. Woodward, Jr.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, VA
March 30, 2018