IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*NEWPORT NEWS DIVISION*

| | |
|---|---|
| **QUANTAVIUS DURHAM,** | ) |
| | ) |
|        Petitioner, | )   **CRIMINAL NO. 4:15cr80** |
| | )   **CIVIL NO. 4:17cv49** |
| v. | ) |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
|        Respondent. | ) |

## UNITED STATES' RESPONSE TO DEFENDANT'S § 2255 CLAIM

NOW COMES the United States of America, by and through its attorneys G. Zachary Terwilliger, United States Attorney, and Amy E. Cross, Special Assistant United States Attorney, and submits its response to Petitioner's Motion to Vacate, Set Aside or Correct a Sentence filed by QUANTAVIUS DURHAM, ("Durham"), and pursuant to this Court's March 30, 2018 Order.[1]

In his § 2255 petition, Durham claims that his attorney was ineffective for failing to file a direct appeal. ECF 149 p. 8; 150 pgs. 5-6. This claim lacks merit.

To be successful in an ineffective assistance of counsel claim, Durham must show that counsel's actions meet the two-prong test announced in *Strickland v. Washington*. 466 U.S. 668, 687 (1984). First, Durham "must show that counsel's representation fell below an objective standard of reasonableness." *Bacon v. Lee,* 225 F.3d 470, 478 (4th Cir. 2000) (quoting *Strickland*, 466 U.S. 668, 688 (1984)). Durham's counsel is entitled to a "strong presumption" that a trial counsel's strategy and tactics fall "within the wide range of reasonable professional assistance."

---

[1] The Court directed the Government to respond to the limited factual issue of whether the Petitioner directed counsel to file a notice of appeal. *Id.*, p. 10. The procedural history is set forth in the Court's order and will therefore, not be repeated here. ECF 151.

*United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004) (citing *Strickland*, 466 U.S. at 689). Second, Durham must demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Bacon*, 225 F.3d at 478 (citing *Strickland*, 466 U.S. at 694). In order to do so, a petitioner must show a "probability sufficient to undermine confidence in the outcome." *Roane,* 378 F.3d at 405 (citing *Strickland,* 466 U.S. at 694). Petitioner's failure to show either of the two prongs renders it unnecessary for the court to consider the other requirement. *Roane,* 378 F.3d at 404 (citing *Williams v. Kelly,* 816 F.2d 939, 946-47 (4th Cir. 1987)).

As the Court has indicated, "'an attorney must consult with a defendant when there is reason to believe that either (1) a rational defendant would want to appeal or (2) the defendant reasonably demonstrated to his attorney that he was interested in appealing." *United States v. Poindexter*, 492 F.3d 263, 268 (4th Cir. 2007), citing *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000).

> "In assessing whether an attorney had a constitutional duty to consult, the Court indicated that several factors were relevant, including whether the conviction followed a trial or guilty plea. *Id.* In cases involving sentence bargained for as part of the plea and whether the plea expressly reserved or waived appeal rights."

*Id.*
"[A]n attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal even though the defendant may have waived his right to appeal." *Poindexter*, at 273 (4th Cir. 2007).

Here, Durham pled guilty to two counts of the pending indictment and in exchange, the Government agreed to dismiss the remaining two counts. For that concession, the Defendant waived his right to appeal.

Paragraph 6 of the Plea Agreement states:

Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the maximum provided by the statute of conviction (or the manner in which that sentence was determined) on the ground set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this plea agreement. ECF 82, p. 4, ¶ 6.

During the plea colloquy Durham agreed that he had fully discussed the charges in the indictment and the case in general with [his] attorney." Transcript of Plea Hearing, (hereinafter "PHT"), p. 5. After a review of the elements of the offense and waiver of trial rights, Durham affirmed that he had read the entire plea agreement. PHT, p. 10. He initialed each page of the agreement and signed the last page which states that he read the plea agreement and carefully reviewed every part of it with [his] attorney. ECF 82, p. 14. During the colloquy the appellate waiver was reviewed.

| | |
|---|---|
| The Court: | Now, generally you have the right to appeal your conviction and your sentence and to proceed without prepayment of any fees if the Court were to find that you qualify for indigent status.<br>But do you understand that your Plea Agreement includes a provision whereby you waive your right to appeal your conviction and your sentence on any ground whatsoever so long as that sentence is within the statutory maximum? |
| [Durham]: | Yes, sir. |
| The Court: | Do you understand, therefore, you are giving up your right of appeal? That is, by signing the Plea Agreement and pleading guilty, you will not appeal your conviction or any lawful sentence imposed by the Court? |
| [Durham]: | Yes, sir. |
| The Court: | Are you entering this Plea Agreement freely and voluntarily? |
| [Durham]: | Yes, sir. PHT, p. 19. |

In contrast to his statements under oath, he now asserts that he "specifically requested," that counsel note his appeal. ECF 149, p. 8. In response, Attorney Woodward disputes that fact:

> The waiver of appeal was specifically and fully discussed. [Durham] indicated a clear understanding of the waiver of appeal. [Further], I prepared him for the fact that the court would make specific inquiry of his waiver of appeal during the plea hearing.
>
> At no time after the plea, during the preparation/review of the pre-sentence report or during the sentencing process did [Durham] ever indicate any desire to appeal.

See attached Affidavit of Counsel, Gov't. Ex. 1, p. 1, ¶ 3, 4.

Further, Counsel had no record or memory of the Defendant requesting that a notice of appeal be filed. *Id.* at ¶ 5. In short, the Defendant did not unequivocally instruct his attorney to file a timely notice of appeal.

When filing a § 2255 petition, the petitioner bears the burden of proving his grounds for relief by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). In regard to his ineffective assistance of counsel claim he must affirmatively prove prejudice. *Strickland*, 466 U.S. at 693. The Defendant has failed to meet his burden. He waived his right of appeal as part of a plea agreement, in which two counts of a criminal indictment were dismissed against him, including a violation of Title 18, United States Code § 924(c), which, had Durham been convicted, would have required the Court to sentence the Defendant to an additional twenty-five mandatory years in prison. The plea agreement was entered into intelligently, knowingly and voluntarily after Durham was fully advised of his appellate rights by his attorney. Other than his statement that he asked counsel to appeal, there is no indication he attempted to contact his attorney or inquire about raising a non-frivolous ground for appeal. In fact, from the time he was sentenced in July of 2016 until the filing of his petition in May, 2017,

he offers nothing to support an "unequivocal instruction" to file a notice of appeal. In addition, counsel adamantly denies he was asked to note an appeal.

Durham admitted his guilt at the time of his plea and acknowledged at part of his plea agreement that he waived his right to appeal any sentence imposed within the maximum provided by statute. ECF 82, ¶ 6. He was sentenced within the guideline range, below the maximum provided by statute. The Court adopted the PSR at the time of sentencing without objection from the defendant and there was no appeal. In light of the concessions made by the Government as part of the Plea Agreement, counsel's affidavit, and Petitioner's failure to offer unequivocal evidence that he instructed counsel to appeal, his claim should be denied under *Strickland*. However, in light of current Fourth Circuit law on this issue, the Government is prepared to participate in an evidentiary hearing should the Court find that expansion of the record is necessary on this issue.

Based on the foregoing, the United States respectfully requests that the Court make a factual finding that the Defendant waived his right of appeal and failed to unequivocally instruct his attorney to file an appeal after his accepted appellate waiver.

    Respectfully submitted,

    G. Zachary Terwilliger
    United States Attorney

By:    /s/
    Amy E. Cross
    Special Assistant United States Attorney
    Virginia State Bar No. 45289
    Attorney for the United States
    United States Attorney's Office
    721 Lakefront Commons, Suite 300
    Office Number: 757-591-4000
    Facsimile Number: 757-591-0866
    Email: amy.cross@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 25th day of May, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

Further, I HEREBY CERTIFY that on the 25th day of May, 2018, I mailed a true and correct copy of the foregoing to the following:

Quantavius Durham, Prisoner No. 878520083
FCI Williamsburg
P.O. Box 340
Salters, SC 29590

/s/
Amy E. Cross
Special Assistant United States Attorney
Virginia State Bar No. 45289
Attorney for the United States
United States Attorney's Office
721 Lakefront Commons, Suite 300
Office Number: 757-591-4026
Facsimile Number: 757-591-0866
Email: amy.cross@usdoj.gov